IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROSE MEYERS-BERRÍOS,

Defendant

CRIMINAL 10-0459 (GAG)

OPINION AND ORDER

Rose Meyers-Berríos was charged in an indictment on December 8, 2010 with knowingly and wilfully forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Transportation Security Administration officer Carlos González-Aquino, a person designated in 18 U.S.C. § 1114, and engaging in acts involving physical contact, and inflicting bodily injury, while Carlos González-Aquino was engaged in, and on account of, the performance of his official duties, all in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 1114. (Docket No. 3.)  It appears that when told that she could not enter a sterile area at the airport without a boarding pass, the defendant entered the personal space of the TSA security officer, made remarks of a sexual nature, and when the officer tried to move away, punched him in the face, on the right cheek bone.  After she was arrested, at the United States Probation Office and in the courtroom, the

CRIMINAL 10–0459 (GAG)                    2

defendant displayed aberrational behavior.  The arraignment could not be held because of the extreme emotional state of the defendant.

On January 12, 2011, the United States filed a motion for the court to order an evaluation of the defendant by a forensic psychiatrist or psychologist as to the existence or non-existence of insanity at the time of the offense, and whether the defendant is competent to stand trial and assist her counsel in her defense. (Docket No. 11.)

The test for a criminal defendant's competency to stand trial is governed by the standards laid out in 18 U.S.C. § 4241.  This provision states that at any time after the commencement of a prosecution for an offense and prior to sentencing, "the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant."  18 U.S.C. § 4241(a). The court may grant the motion or order a hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and assist properly in his defense.  The provision further states that, "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

CRIMINAL 10–0459 (GAG)                                   3

consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d); see United States v. Wiggin, 429 F.3d 31, 37 (1st Cir. 2005). Commitment to the Attorney General entails hospitalization for up to four months, or for a further period depending upon the nature of the improvement of his mental state.  See 18 U.S.C. § 4241(d)(1)(2)(A); United States v. de Jesús, --- F. Supp. 2d. ---, 2010 WL 3087471, at *2 (D.P.R. Aug. 5, 2010).  "The test for incompetence is . . . well settled.  A defendant may not be put [on] trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.'"  Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

In view of the above, it is hereby

ORDERED that pursuant to the provisions of 18 U.S.C. §§ 4241 and 4242, the defendant Rose Meyers-Berríos be evaluated by a forensic psychiatrist or psychologist at a Federal Medical Center to determine the existence or non-existence of insanity at the time of the commission of the offense for which she stands charged, and to determine if said defendant is competent to stand trial and assist her attorney in her defense.

CRIMINAL 10–0459 (GAG)                   4

The United States Marshal's Office for the District of Puerto Rico will make the necessary arrangements to transfer the defendant to an appropriate Federal Medical Center in order for Rose Meyers-Berríos to be evaluated as ordered. The Federal Medical Center will report in writing to this court the results of the psychiatric or psychological evaluation, furnishing a copy of the report to the United States Attorney, Torre Chardón Building, Suite 1201, 350 Carlos Chardón Avenue, Hato Rey, Puerto Rico 00918, and the defendant's counsel to his address of record. The defendant will submit herself to such mental evaluation and no statement made by her in the course of the evaluation will be admitted in evidence against her on the issue of guilt or innocence in any criminal proceeding.

The United States shall submit copies of all available records to the Federal Medical Center conducting the mental evaluation.

In view of the above, I find that the period of time of the defendant's pending a determination of mental competency is excluded from any computations of time triggering possible speedy trial violations. 18 U.S.C. § 3161(h)(1)(A); see United States v. Bennett, 704 F. Supp. 2d 826, 827 (N.D. Ill. 2010); cf. United States v. Turner, 602 F.3d 778, 783 (6th Cir. 2010). I also make a finding that the ends of justice served by excluding this time period from any computations outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7); see United States v. Figueroa, 714 F. Supp. 2d 277, 278

CRIMINAL 10–0459 (GAG)                    5

(D.P.R. 2010); see generally United States v. Ruiz-Marty, 463 F. Supp. 2d 137, 140-41 (D.P.R. 2006).

SO ORDERED.

At San Juan, Puerto Rico, this 21st day of January, 2011.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge